UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:25-cv-00074-MCS-PVC | Date February 19, 2025 |
| Title *Velasquez v. Luxottica of America, Inc.* | |

Present: The Honorable  Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER RE: MOTION TO REMAND (ECF NO. 9) AND MOTION TO STAY (ECF NO. 16) (JS-6)

Plaintiff Melissa Velasquez filed a motion to remand this case to state court. (Mot., ECF No. 9.) Defendant Luxottica of America, Inc., opposed, (Opp'n, ECF No. 17), and Plaintiff replied, (Reply, ECF No. 19.) The Court deemed the motion appropriate for decision without oral argument. (Mins., ECF No. 21.)

I.  **BACKGROUND**

Plaintiff filed a class action complaint in state court bringing claims of unfair competition and false advertising. (Compl. ¶¶ 62–84, ECF No. 1-3.) Plaintiff alleges that Defendant owns the Lenscrafters retail line, and that Lenscrafters promotes false or misleading sales. (*Id.* ¶¶ 3, 6.) On these and other allegations, Plaintiff seeks remedies in the form of restitution and public injunctive relief. (*Id.*, Prayer for Relief.) Defendant removed the action on the basis that the Court has original jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). (Notice of Removal ¶ 9, ECF No. 1.)

## II. LEGAL STANDARD

Federal courts are of limited jurisdiction and possess only that jurisdiction which is authorized by either the Constitution or federal statute. *Kokkonen v. Guardian life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant in state court can remove a civil action to federal court if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). CAFA provides federal subject-matter jurisdiction if (1) the proposed plaintiff class is not less than 100 members, (2) the parties are minimally diverse, and (3) the aggregate amount in controversy exceeds $5 million. *Id.* § 1332(d)(2), (5)(B). "Congress intended CAFA to be interpreted expansively." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

Although "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court," *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014), the removing party bears the burden of establishing federal jurisdiction, *see Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011) ("The burden of establishing removal jurisdiction, even in CAFA cases, lies with the defendant seeking removal.").

## III. DISCUSSION

Plaintiff argues remand is proper because the Court lacks jurisdiction over her claims. (Mot. 2.) First, Plaintiff contends that she lacks constitutional standing because she does not allege actual or imminent threat of future injury. (*Id.* at 2.) Instead, she merely seeks public injunctive relief, which she argues this Court cannot provide under the pleaded claims. (*Id.* at 3–4.) Second, Plaintiff avers that the Court lacks equitable jurisdiction to award the restitution she seeks because she does not allege she lacks an adequate remedy at law. (*Id.* at 4–5.) Therefore, because this Court cannot provide the requested relief for either of Plaintiff's claims, she argues that the case should be remanded to state court. (*Id.* at 5–7.)

In response, Defendant does not contend that this Court can provide the requested remedies but instead argues that the Court has jurisdiction under CAFA. (Opp'n 3–5.) Defendant warns the Court that if it remands the case, it would effectively "apply a novel abstention doctrine," (*id.* at 8), and that the Court should instead retain jurisdiction and dismiss the claims, (*id.* at 1, 5–7). The Court disagrees with Defendant and grants Plaintiff's motion.

Numerous district courts in the Ninth Circuit have addressed this exact question, "and the clear majority has concluded that remand is the appropriate result." *White v. BP Prods. N. Am., Inc.*, No. No. 5:24-cv-01827-SPG-SK, 2024 U.S. Dist. LEXIS 233635, at *11 (C.D. Cal. Dec. 26, 2024) (collecting cases). The circumstances in *White* mirror the present case almost exactly. In *White*, a plaintiff filed a class action complaint in California state court alleging violations of the California Unfair Competition Law and the False Advertising Law. *Id.* at *2. The defendant removed the case under CAFA, and the plaintiff filed a motion to remand. *Id.* at *2–3. As here, the plaintiff in *White* argued that the court lacked jurisdiction over both of his claims. *Id.* at *6–10. And, as here, the defendant in *White* argued that the court had jurisdiction under CAFA and that the court should retain jurisdiction and dismiss the claims. *Id.* at *10–11. The court surveyed the relevant case law and concluded that because it "lack[ed] equitable jurisdiction over Plaintiff's claim for restitution and Plaintiff lacks standing to assert his claim for injunctive relief, there is no remaining claim that th[e] Court can adjudicate." *Id.* at *13. Therefore, remand was appropriate. *Id.*

*White* is just the latest in a slew of cases remanding similar claims on similar bases. *See, e.g.*, *Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869, 871–72 (N.D. Cal. 2021); *Granato v. Apple Inc.*, No. 5:22-cv-02316-EJD, 2023 U.S. Dist. LEXIS 124318, at *12–17 (N.D. Cal. July 19, 2023); *Rogoff v. Transamerica Life Ins. Co.*, No. EDCV 24-1254 JGB (SPx), 2024 U.S. Dist. LEXIS 221309, at *10 (C.D. Cal. Dec. 6, 2024). Defendant makes no persuasive arguments to the contrary and cites no compelling law that would convince this Court to depart from this line of authority.

## IV.   CONCLUSION

The Court grants Plaintiff's motion to remand. Defendant's motion to stay (ECF No. 16) is denied as moot. The case is remanded to Los Angeles County Superior Court, Case No. 24STCV31555. The Court directs the Clerk to effect the remand immediately and close the case.

**IT IS SO ORDERED.**